Lisa S. Kantor, Esq., SBN 110678
e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq., SBN 199634
e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
A.G.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G.,<br><br>    Plaintiff,<br><br>v.<br><br>INTEL CORPORATION HEALTH PLAN; CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; PENALTIES; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, A.G., herein sets forth the allegations of her Complaint against Defendants INTEL CORPORATION HEALTH PLAN and CIGNA HEALTH AND LIFE INSURANCE COMPANY.

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post judgment interest, and attorneys' fees and costs.

2. Plaintiff, A.G., is a resident of Los Angeles, California and at all times relevant was a resident in the Los Angeles County, California. Therefore, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

3. Plaintiff A.G. is a minor and identified by her initials pursuant to Federal Rules of Civil Procedure 5.2(a)(3).

4. Plaintiff was at all relevant times a covered dependent under the INTEL CORPORATION HEALTH PLAN (the "Plan") pursuant to which Plaintiff was entitled to health benefits.

5. Plaintiff is informed and believes that Defendant INTEL CORPORATION HEALTH PLAN has its principal place of business in Folsom, California, is authorized to transact and is transacting business in this judicial district, the Central District of California, and can be found in the Central District of California.

6. Plaintiff is informed and believes that Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY ("Cigna") has its principal place of business

in Hartford, Connecticut. Cigna is authorized to transact and is transacting business in this judicial district, the Central District of California, and can be found in the Central District of California.

7. Cigna administered benefits under the Plan.

## FIRST CAUSE OF ACTION

## FOR DENIAL OF PLAN BENEFITS UNDER ERISA

8. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

9. A.G. is a 14-year old girl with a two year history of a significant eating disorder.

10. Following summer camp in 2017, A.G. began eating disorder behaviors to lose weight. She restricted food, over exercised, and searched the internet for ways to lose weight and restrict calories. She lost approximately 17 pounds.

11. In September 2017, due to her low weight, her parents took her to the emergency room and she was admitted for medical stabilization and placed on bed rest. The hospital recommended residential treatment.

12. From October to November 2017, A.G. was admitted to residential treatment.

13. From December 2017 to February 2018, A.G. received partial hospitalization treatment.

14. From February to May 2018, A.G. received intensive outpatient treatment. Despite treatment, A.G. suffered a relapse with her eating disorder. Her treatment providers recommended residential treatment.

15. On approximately June 8, 2018, A.G.'s parents informed A.G. that she needed residential treatment. A.G. became unsafe and threatened to harm herself. She was admitted to the hospital on a psychiatric hold.

16. On June 13, 2018, A.G. admitted to residential treatment at Avalon Hills Treatment Center ("Avalon") in Utah. At admission, A.G. had severe malnutrition, bradycardia, and orthostatic hypotension. Her diagnoses included major depressive disorder recurrent, severe; anorexia nervosa restricting type, extreme; generalized anxiety disorder; and attention deficit hyperactivity disorder.

17. Cigna initially approved benefits for A.G.'s residential treatment.

18. On September 21, 2018, Cigna denied further benefits for A.G.'s residential treatment.

19. A.G. required further residential treatment due to the severity of her multiple mental illnesses. She was highly anxious, her progress had worsened, she was unable to self-regulate, was continually dishonest and manipulative with staff, and aggressive toward peers. She was still orthostatic, compulsively exercised, and hypoglycemic.

20. As of January 1, 2019, A.G. was no longer covered under the Plan.

21. On January 19, 2019, Cigna sent a written request for "facility records, office notes, and history, physical & diagnostic reports" for A.G.'s residential treatment.

22. On February 1, 2019, A.G.'s counsel responded to Cigna's January 19, 2019 letter and provided the requested information.

23. On March 13, 2019, A.G. submitted a written appeal and treatment records to Cigna.

24. Defendants did not respond to Plaintiff's March 13, 2019 appeal.

25. Defendants wrongfully denied Plaintiff's request for benefits in the following respects, among others:

    (a) Failure to authorize and pay for mental health benefits as required by the Plan at a time when Defendants knew Plaintiff was entitled to such benefits under the terms of the Plan;

  (b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan, in relation to the applicable facts and plan provisions, for the denial of Plaintiff's request for mental health benefits;

  (c) After Plaintiff's requests for benefits were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect her requests along with an explanation of why such material is or was necessary;

  (d) Failure to properly and adequately investigate the merits of Plaintiff's requests for mental health benefits and/or provide alternative and medically appropriate courses of treatment;

  (e) Failure to provide Plaintiff with a full and fair review pursuant to 29 C.F.R.§ 2560.501-1 (h)(3)(iii) by failing to consult with health care professionals who have appropriate training and experience in the field of medicine involved in the medical judgment; and

  (f) Failure to thoroughly and independently evaluate both Plaintiff and her treatment records prior denying Plaintiff's request for benefits.

26. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied Plaintiff's requests for mental health benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

27. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on her part to be performed.

28. As a proximate result of the denial of benefits due Plaintiff, Plaintiff has been damaged in the amount of all of the medical bills incurred for her

treatment, approximately $125,000.000, the total sum to be proven at the time of trial.

29. As a further direct and proximate result of this improper determination regarding her request for mental health benefits, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

30. Due to the wrongful conduct of Defendants, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her rights to future benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION
## FOR EQUITABLE RELIEF

31. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

32. As a direct and proximate result of the failure of the Defendants to pay mental health benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a) Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate; and

(b) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. Payment of health care benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

DATED: June 19, 2019                               KANTOR & KANTOR, LLP

                                                  BY:    */s/ Elizabeth K. Green*
                                                          Elizabeth K. Green
                                                          Attorneys for Plaintiff,
                                                          A.G.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525