Sean P. Nalty (SBN 121253)
e-mail: sean.nalty@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: (415) 442-4810
Facsimile: (415) 442-4870

Attorneys for Defendant
Cigna Health and Life Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MARCIE GREENE

        Plaintiff,

    v.

INTEL CORPORATION HEALTH
PLAN; CIGNA HEALTH AND LIFE
INSURANCE COMPANY,

        Defendant.

Case No. 2:19-cv-05364-PSG-MRW

**DECLARATION OF SEAN P. NALTY
IN SUPPORT OF CIGNA HEALTH
AND LIFE INSURANCE
COMPANY'S APPLICATION TO
FILE UNDER SEAL ITS
OPPOSITION TO PLAINTIFF'S
MOTION TO DETERMINE THE
STANDARD OF REVIEW**

**REDACTED OPPOSITION**

Hearing Date:  November 12, 2020
Time:        1:30 p.m.
Location:     Courtroom 6A

Complaint Filed: June 19, 2019
Trial Date:    November 17, 2020
Judge:       Hon. Philip S. Gutierrez

    I, Sean P. Nalty, declare:

    I am an attorney at law licensed to practice in all courts in the State of California.  I am a shareholder at Ogletree, Deakins, Nash, Smoak & Stewart, P.C.  As such, I represent Cigna Health and Life Insurance Company ("Cigna") in the above captioned matter.  I have personal knowledge of the facts set forth below, and

if called upon to testify under oath in this matter, I could and would testify to the following:

1.      I make this declaration in support of the Cigna's application to file its opposition to plaintiff's motion to determine the standard of review currently set for hearing in this matter on November 12, 2020 ("the Opposition").

2.      A true, correct, and complete copy of the redacted Opposition is attached hereto as **Exhibit A**.

3.      I have reviewed the Opposition.  It contains medical and health information, evaluations of medical and mental health issues, and information from claim notes reflecting the minor patient AG's health care services and information. The Opposition also contains confidential information about Plaintiff and her family.

I declare under penalty of perjury, under the laws of the United States of America, that the forgoing is true and correct and that I signed this declaration at Castro Valley, California on October 21, 2020.

*/s/ Sean P. Nalty*

DECLARATION OF SEAN P. NALTY IN SUPPORT OF CIGNA HEALTH AND LIFE INSURANCE COMPANY'S APPLICATION TO FILE UNDER SEAL ITS OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE STANDARD OF REVIEW

# EXHIBIT A

SEAN P. NALTY, CA Bar No. 121253
sean.nalty@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:   415-442-4810
Facsimile:   415-442-4870

Attorneys for Defendant
CIGNA HEALTH AND LIFE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIE GREENE,<br><br>        Plaintiff,<br><br>   v.<br><br>INTEL CORPORATION HEALTH PLAN; CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>        Defendant. | Case No. 2:19-cv-05364-PSG-MRW<br><br>**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE STANDARD OF REVIEW**<br><br>Hearing Date:  November 12, 2020<br>Time:         1:30 p.m.<br>Location:     Courtroom 6A<br><br>Complaint Filed: June 19, 2019<br>Trial Date:     November 17, 2020<br>Judge:        Hon. Philip S. Gutierrez<br><br>**REDACTED** |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................. 1

II.     PLAINTIFF'S motion should be summarily denied ........................... 1

III.    SUMMARY OF ARGUMENTS ON THE MERITS ........................... 2

IV.     PERTINENT FACTS ........................................................................... 4

        H.      Plan Terms ................................................................................ 4

        I.      Cigna's ███████████████████ ....................................... 5

                1.      Cigna Authorized Extensive ███████ ........................... 5

                2.      █████████████████████ ................................. 6

                        a.      ██████████████ ..................................... 6

                        b.      Cigna Authorizes ██████████ ............... 6
                                ██████████ ..............................................

                        c.      Cigna Authorizes ██████████ ................ 7

                        d.      Cigna Authorizes ███████████ ............. 7

        J.      Cigna Authorizes ██████████████ ............................ 8
                █████ ...........................................................................

        K.      ███████████████████████ ........................... 9

        L.      ████████████ ............................................................. 9

        M.      Cigna Concludes that ██████████████ ................. 10
                █████████ .................................................................

        N.      Cigna's █████████████████████ ................ 11

        O.      █████████████████████████ ................... 12
                █████████████████ .....................................

        P.      Cigna ███████████████ ............................ 13

        Q.      Cigna Denies Plaintiff's Appeal ......................................... 13

DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S
MOTION TO DETERMINE THE STANDARD OF REVIEW

R.  Kantor Submits a Second Letter with the Identical Materials Enclosed in the February 1 Appeal. .................................................... 14

V.  LEGAL ARGUMENT ......................................................... 15

A.  The Abuse-of-Discretion Standard Applies to Cigna's Coverage Determination. ........................................................ 15

B.  Cigna Acted Reasonably in Responding to Kantor's February 1 Letter as an Appeal ............................................. 15

C.  Plaintiff Has Not and Cannot Show a Flagrant Viiolation by Cigna ...................................................................... 17

D.  Plaintiff Got a Full and Fair Review ................................... 19

VI.  CONCLUSION .................................................................. 22

DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE STANDARD OF REVIEW

EXH A, pg. 3

6

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abatie v. Alta Health & Life Ins. Co.*,
    458 F.3d 955 (9th Cir. 2006) ................................................................ 15, 17, 18

*Conkright v. Frommert*,
    559 U.S. 506 (2010) .......................................................................................... 18

*Day v. AT&T Disability Income Plan*,
    698 F.3d 1091 (9th Cir. 2012) .......................................................................... 3

*Gatti v. Reliance Standard Life Ins. Co.*,
    415 F.3d 978 (9th Cir. 2005) ................................................................. 4, 17, 19

*Gordon v. Metro. Life Ins. Co.*,
    747 F. App'x 594 (9th Cir. 2019) .................................................................... 18

*Hinz v. Hewlett Packard Co. Disability Plan*,
    2011 WL 1230046 (N.D. Cal. 2011) ............................................................... 17

*Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*,
    349 F.3d 1098 (9th Cir. Nov. 2003) .......................................................... 18, 19

*Kowalski v. Farella, Braun & Martel, LLP*,
    2007 WL 2123324 (N.D. Cal. 2007) ............................................................... 19

*Langlois v. Metro. Life Ins. Co.*,
    833 F. Supp. 2d 1182 (N.D. Cal. 2011) ......................................................... 19

*Musser v. Harleysville Life Ins. Co.*,
    2015 WL 4730091 (M.D. Pa. 2015) ................................................................ 19

*Nichols v. Prudential Insurance Company of America*,
    406 F.3d 98 (2d Cir. 2005) .............................................................................. 19

*Queen v. Haywood Reg'l Med. Ctr. Med. Care Plan*,
    2014 WL 4311030 (W.D.N.C. 2014) .............................................................. 20

*Raymond M. v. Beacon Health Options, Inc.*,
    2020 WL 2810451 (D. Utah May 29, 2020) .................................................. 22

DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S
MOTION TO DETERMINE THE STANDARD OF REVIEW

*Rittinger v. Healthy All. Life Insurance Co.*,
    914 F.3d 952 (5th Cir. 2019) ............................................................... 16, 17

*Roach v. Kaiser Permanente Long Term Disability Plan*,
    2009 WL 1357394 (C.D. Cal. 2009) ......................................................... 19

*Shane v. Albertson's Inc.*,
    504 F.3d 1166 (9th Cir. 2007) .................................................................. 19

*Vaught v. Scottsdale Healthcare Corp. Health Plan*,
    2009 WL 649806 (D. Ariz. 2009) ............................................................. 19

*Yancy v. United of Omaha Life Ins. Co.*,
    2015 WL 5132086 (C.D. Cal. Aug. 25, 2015) .......................................... 21

**STATUTES**

ERISA ............................................................................................................... *passim*

DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S
MOTION TO DETERMINE THE STANDARD OF REVIEW

## I.    INTRODUCTION[1]

Defendant Cigna opposes Plaintiff Marcie Greene's ("Plaintiff") motion to determine the standard of review in this ERISA governed action ("the Motion").

## II.    PLAINTIFF'S MOTION SHOULD BE SUMMARILY DENIED

The Scheduling Order issued by the Court in this matter on October 24, 2019 states that the "Last Day to File Motion" was May 6, 2020. [Doc. 40] The Motion was filed on September 11, 2020, four months after the motion cut-off.  This motion cut-off date was not modified by the Court and Plaintiff never sought leave to file the Motion.  The Motion should be denied because it violates the Court's Scheduling Order.

Moreover, in her ex-parte application filed on September 11, 2020 [Doc. 49], Plaintiff argued that resolving the standard of review through motion practice separate and apart from the trial briefs filed in this matter was the most efficient way to decide the standard of review.  Defendants opposed the application, arguing that an extra hearing and an additional round of briefing was not more efficient.  The Court denied the ex-parte application in part because Plaintiff's "efficiency argument is questionable."  [Doc. 54]

In spite of this Order, Plaintiff has not withdrawn the Motion and it remains set for hearing on November 12, 2020.  Cigna's expectation was that the Motion would be withdrawn and, consistent the Court's order on the ex-parte application, the issue of the standard of review would be addressed in the trial briefs and at the November 3, 2020 bench trial.

However, due to an injury to counsel for Intel's child, the Parties agreed and the Court ordered the trial date moved to November 17, 2020 and the date to file the response briefs to October 30, 2020. [Doc. 77]  This in effect gives Plaintiff the relief

---

[1] In this brief, "Cigna" refers to Defendant Cigna Health and Life Insurance Company and the "Intel Plan" or "Plan" refers to Intel Corporation Health Plan.

she could not get through her ex-parte application-a November 12, 2020 hearing date on the Motion before the November 17th trial date and circumvents the Court's Order that separate briefing and a separate hearing date is not an efficient way to decide the standard of review.

In light of the violation of the scheduling order, and in light of the Court's Order on the ex-parte application, Plaintiff should have withdrawn the Motion and moved forward with the issue of the standard of review as part of the trial briefing. Cigna urges the Court to summarily deny the Motion and determine the standard of review pursuant to the trial briefs in this matter.

Finally, although Cigna does not want to file another brief on the merits of the issue of the standard of review because another round of briefs is contrary to the Court's Order on the ex-parte application and a separate opposition to the Motion will contain many of the same arguments that Cigna raises in its trail briefs, Cigna addresses below the merits of the Motion because the Motion still is pending and should be denied on the merits as well.

## III.   SUMMARY OF ARGUMENTS ON THE MERITS

In its opening trial briefs filed under seal on September 30, 2020, Cigna explained why its decision to authorize ████████████████████ instead of continued ████████████ is entitled to deference under ERISA's abuse-of-discretion standard of review. Opening Brief, 17:8-15.  As Plaintiff admits in the Motion, her employer-sponsored Plan delegated Cigna discretion to interpret the terms of the Plan and determine whether ████████████████████ were covered. The Motion, 6:19.  And the law is clear that when a self-funded plan delegates discretion to a third-party administrator to interpret plan terms and make coverage decisions, the administrator is afforded a great degree of deference, and its decision will be upheld so long as it is reasonable, even if incorrect. *Day v. AT&T Disability Income Plan*, 698 F.3d 1091, 1096 (9th Cir. 2012).

Here, after authorizing ████████████████████,

1   Cigna exercised its discretion and determined, based on its review of the

2   administrative record that ███████████████████████ such that she

3   could be ███████████████████████. Precedent from the U.S.

4   Supreme Court down establishes that ERISA's abuse-of-discretion standard applies

5   to Cigna's conclusion.

6          As Cigna explained in its opening briefing (19:8-23:10), Plaintiff clearly does

7   not want the abuse of discretion standard to apply to Cigna's decision because it was

8   clearly reasonable in light of the ███ evidence before it.  So Plaintiff argues that

9   Cigna should lose its deference because it failed to respond to Plaintiff's request for

10  appeal.  Plaintiff is wrong for three reasons.

11         First, Plaintiff's argument entirely ignores Cigna's response to her counsel's

12  February 1, 2019 letter, which enclosed ███████████ and indicated that

13  Plaintiff's counsel "appeals" Plaintiff's claim denials.  Given the plain language of

14  the letter and the records it enclosed, Cigna reasonably interpreted this February

15  letter as an appeal, which it denied on February 26, 2019 based on a full evaluation

16  of ███████████ information.  Thus, when Plaintiff's counsel sent a second

17  letter on March 13, 2019 enclosing the same records as they did on February 1,

18  Cigna reasonably treated that letter as a duplicate request to which it already

19  responded.  Tellingly, Plaintiff's counsel—who are sophisticated ERISA lawyers—

20  never raised any objection or suggested otherwise during the administrative process.

21         Cigna's treatment of Plaintiff's counsel's February 1 and March 13 letters are

22  decisions on behalf of the Plan that themselves are entitled to deference under

23  ERISA.  Because the letters themselves and Plaintiff's counsel's own conduct shows

24  that these decisions were reasonable, Cigna did not abuse its discretion in its

25  treatment of Plaintiff's appeal and its decision should be upheld.

26         Second, as also discussed in its opening brief at 18:20-19:6, even if Cigna was

27  wrong in this regard, Plaintiff still is not able to shift to de novo review.  Under

28  Ninth Circuit law, a court may shift the standard of review only where there is a

"flagrant" violation that "alters the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm." *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir. 2005). But here, nothing would have changed had Cigna treated Plaintiff's counsel's March 13 letter, rather than the one counsel sent on February 1, as Plaintiff's original request for appeal. Plaintiff does not dispute that she included the exact same ███████ records with both letters. Based on these records, Cigna's ██████████████████████████ evaluated the █████ records and determined that ██████████████████████████████ ███████████████████████████████████. That decision came only after Cigna had monitored ████████████████████ ████████████████ While Plaintiff points to the arguments that were raised by her counsel in counsel's March 13 letter, those are all legal arguments that are irrelevant to the █████ determinations for █████ coverage. These arguments are all also wrong. Similarly, the fact that the claim file was sent to Plaintiff's counsel on March 23, 2019 (AR 1598), after counsel's March 13th letter, is not significant because counsel could have supplemented Plaintiff's appeal with the information in the claim file and chose not to.

Accordingly, Plaintiff cannot meet her burden to show that Cigna's treatment of counsel's March 13 letter was a flagrant violation that caused substantive harm to Plaintiff or AG. Plaintiff's motion to change the standard of review should be denied.

## IV.   PERTINENT FACTS

### H.   Plan Terms

In 2018, Plaintiff and AG were covered by the Plan, an ERISA-governed plan sponsored by Plaintiff's employer, Intel Corporation, and for which Cigna administers certain █████ benefits and claims. The Plan is self-funded, which means that Intel, not Cigna, fund the Plan and pay for the costs of the Plan's benefits. Among other benefits, the Plan covers ██████████████████████████████████

██████████████████████. Exhibit ("Ex.") A to Cigna's Opening Trial Brief filed on September 25, 2020 ("Opening Brief"), Chapter 6 of the Plan, AG v. Cigna 002570.[2]  To receive coverage, however, these services must be "rendered in the least intensive professional setting that is appropriate for the delivery of the services and supplies" and must be ████████ necessary as that is defined in the Plan.  (*Id.* at 2561 & 2583)

The Plan grants Cigna discretion to apply plan terms, such as ████████ Necessity, and to adjudicate benefit claims. Plaintiff had one internal appeal under the terms of the Plan and then a review by an independent review organization.  The Plan states that the plan administrator has delegated to the designated third party claims administrator, which the Plan expressly identifies as Cigna, the discretion to "interpret and construe those benefits program and to determine all factual and legal questions under such benefit programs with respect to all claims for benefits and appeals of denied claims.  The delegated authority includes . . . determining the amount of benefits, if any, you are entitled to receive." (Ex. B, 2481)

**I.   Cigna's ████████████ Review of █████████████**

**1.   Cigna Authorized █████████████████**

Cigna coordinates the assessment of ████████ necessity through a team of case managers (here, primarily Shannon Mann, ███████████████████) and ████ ████████████████████████████████████████████████ and record their evaluations in what are called "Case Notes." The Case Notes for ██████████████████ are attached to the Opening Brief as Ex. D, 2169 to 2308, and consist of 140 pages,[3] including the opinions of █████████████ and the

---

[2] The exhibits referred to in this opposition are Exhibits to Cigna's Opening Trial Brief filed under seal in this matter. These exhibits are portions of the administrative record in this matter which also was filed with the Court.  From this point forward, Cigna will refer to the bates-stamp number only without the zeros.  Moreover, all of the exhibits to this brief are excerpts from the Administrative Record filed with the Court.  They are attached for the Court's convenience.

[3] From this point forward, unless otherwise stated, the bates-stamp numbers are

DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE STANDARD OF REVIEW                                 EXH A, pg. 10

13



1    ██████████. In the case of ██, the Case Notes detail the ████████

2    ████████████████████.[4]  As described more fully below, by

3    the time Cigna denied Plaintiff's request for additional ██████████

4    ██████ from September 16, 2020 to December 31, 2020, and authorized ██████

5    ██████████████, Cigna had already approved, and the Plan had paid for, ██

6    ██████████████████████████████████████

7    ████████████████████████

8    ███ **AG's** ██████████████████████

9    ████████████████████

10   On September 20, 2017, AG was ████████████████

11   ███. (2170)  She was ██████████████████████

12   ████████████████████████████

13   ████████ (*Id*) Cigna authorized ████████ when it was first requested,

14   September 27, 2017, and for the entire length of ████████. (2169)  When

15   ████████ approached, Ms. Mann reached out to Plaintiff and confirmed that ██████

16   ████████████. (2172) Plaintiff ██████████████. (2175)

17   ████ **Cigna Authorizes** ██████████████████

18   ████████

19   ████████████████████████████. (2174-2175) As a

20   result, ████████████████████████████

21   ██████████████████ (2173 & 2174 ████████████████

22   ████████████████████. (2175 &

23   2193)  On seven separate occasions, ████████████████

24   ██████████████████████████████████

25   ████████████████████████. (2175,

---

contained in Exhibit D of Cigna's Opening Brief.

[4] In the case notes, AG is referred to as the "customer."

6    Case No. 2:19-cv-05364 PSG-MRW
DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S
MOTION TO DETERMINE THE STANDARD OF REVIEW    EXH A, pg. 11
14

1   2178, 2181, 2184, 2187, 2190, & 2193) ████████████████████████

2   ███████████████████████████. (2180) ███████████████

3   ███████████ November 13, 2017. (2193, 2194, & 2195)

4   **c.    Cigna Authorizes** ██████████████

5   Two days later, on November 15, 2017, ██████████████

6   ███████████████████████████████████.

7   (2196) █████████████████████████

8   █████████████████████. (2198 & 2201) ██████████

9   ██████████████████████. (2198 & 2229) ███████

10  ████████████████████████████████

11  ██████████████████████████████████

12  █████████ (2199, 2202, 2204, 2205, 2208, 2211, 2214, 2219, 2222, & 2225),

13  ████████████████████████████████████

14  ████████████████████████████████. (2202; see also,

15  2199, 2201, 2204, 2205, 2208, 2211, 2214, 2219, & 2225) ██████████

16  █████████████████████████████████

17  ███████████████ (2200 & 2204-2205)

18  On January 10, 2018, after 49 days of ███████████████

19  ███████████████ Ms. Mann concluded that ██████████

20  ████████████████████████████████

21  █████████████████ (2229) ████████████████

22  ███████████. (*Id*)

23  **d.    Cigna Authorizes** ██████████████

24  On February 22, 2018, Ms. Mann received a request from Heather ██

25  ████████████████████ █████████████████

26

27  [5] ██████████████

28  ██████████████████████████████ (Ex. C, 2406)

1 ██████████████████████████████████████████████████. (2231-

2 2232) ███████████████████████████, starting February 21, 2018, then

3 ████████████████████████████████ March 29, 2018, █████████████

4 ██████████████████████████████ starting April 9, 2018. (2232-2234)[6] On May 24, 2018,

5 ████████ called Cigna requesting ████████████████████████████

6 ██████████████████████████ (2235) ████████████████████████████

7 ████ (*Id*) ████████████████████████████████████████████████

8 ████████████████████████████████████████████████████████████

9 ████████████████████. (2236)

10 **J.    Cigna Authorizes** ████████████████████████████████

11 On June 8, 2018, Plaintiff informed Cigna that they were considering

12 ███████████████████████████. (2236) When she was ████████ to ████████

13 ████████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████████

15 ████████████████████████ (2240) ████████████████████████████████

16 ████████████████████████ (2239) ████████████████████████████████

17 ████████████████████████████████████████████████████

18 ████████████████████████████ (2240)

19 Cigna determined that ██████████████████████████████████████████

20 ██████████████████████████████████████████. (2240)  Cigna took a

21 number of things into consideration ██████████████████████████. ████████████

22 ████████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████

24

25 ─────────────

[6] ██████████████████████████████████████████████████████

26 ████████████████████████████████████████████. (Ex. C, 2411 & 2412)

[7] ████████████████████████████████████████████████████████████

28 ██████████████████████████████████████████████████████

8                          Case No. 2:19-cv-05364 PSG-MRW
DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S
MOTION TO DETERMINE THE STANDARD OF REVIEW                    EXH A, pg. 13
16

1    █████. (2240-2242)[8]  To do this, ████████████████████

2    ███████████████████████████████████████. (*Id*) ███████████

3    ████████████████████████████████████████████████████████

4    ██████████████████████ (*Id*) ████████████████████████████

5    ████████████████████████████████████████████████████████████

6    ███████████████ (2237, 2240-2241, 2242, 2243, 2246, 2249, 2252, 2255,

7    2258, 2261-2262, 2265, 2267-2268, 2271, 2273-2274, 2277, & 2286-2287)

8    **K.** ████████████████████████████████████

9    AG ██████████████████████████████████████████

10   ████████████████████████████████████████████████████

11   ███████████████████████████████████████████████ (2240 &

12   2279) ██████████████████████████████████████████████

13   ████████████████████████████████████████████████

14   ██████████████████████████████████████████. (2292 & 2294)

15   **L.** ████████████████████

16   Ms. Mann conducted periodic █████████████████████████████

17   During her August 1, 2018 review,  she asked how █████████████

18   ████████████████████████████████████████████████

19   ███████████████████████████████████████████████

20   ████████████████████████████████████████. (2258) ██████████

21   █████████ Julie (2259) explained that, █████████████████████

22   ████████████████████████████████████████████████

23   ████████████████████████████████ (2261)  Ms. Mann explained that,

24   ████████████████████████████████████████████

25   ████████████████████████████████████████████████████

26   ██████████████████████████. (2261) █████████████████

27   ─────────────────────

28   [8] The clinical note at bates-stamp 2242 states that AG's IBW was between 105 lbs. and 115 lbs.  Later records state that the range was 115 lbs. to 125 lbs.



. (Ex. C, 2340, 2341, 2401 & 2405)

On August 27, 2018 ████████████

████ discussed the ████████████████

████████████████ (2271-2274) ██████

████████████████████████████

████████████████████████████

████ (2274) ████████████████

████████████████████████████

████████████. (*Id*)

████████████████████████████

████████████████████████████

████████████. (*Id*)

**M.**   **Cigna Concludes that** ████████

████████████

Cigna consistently reviewed ████████████

████████████████████████

████████████████. By September, these

████ showed two key things.

First, as noted above, ████████████

████████████. (2240, 2279, 2283, & 2294)

████████████████████████████

████████████ (2283) ████████████

████. (*Id*)

Ms. Mann referred the claim ████████████

████████ (2284) performed the review on September 6, 2018. (2281-2284)

████████████████████████████

1    ███████████████████████. (2283) ███████████████████████

2    ███████████████████████████████████████████████████

3    ███████████████████████████████████████████████████████

4    ███████████████████████(*Id*)███████████████████████████

5    ███████████████████████████████████████████████████████

6    ███████████████████████. (*Id*)███████████████████████

7    ███████████████████████████████████████████████████

8    ███████████████████████████████████████████████████

9    ███████████████████████(*Id*)███████████████████████

10   ███████████████████████████████████████████████████████

11   ████████████(2284)

12   Cigna notified ███████████████████ on September 6, 2018 by

13   voicemail. (2284 & 2285) ████████████████████████████████

14   ████████████ (The Administrative Record filed with the Court ("AR"), 651)

15   ██████ called on September 7, 2018 and requested an expedited appeal. (2285) Ms.

16   Mann called Plaintiff to advise her that an expedited appeal had been requested and

17   that a ██████████ had been scheduled. (2285)

      **N.      Cigna's** ████████████████████████████

18

19   On September 7, 2018, █████████████████████████████

20   ███████████████████ (2286-2287)  During his review, ████████████

21   ███████████████████████████████████████████████████

22   ███████████████████████████████████████████. (2286)██

23   ███████████████████████████████████████████████████████

24   ███████████████████████████████████████████████████████

25   ██. (2286-2287) Cigna communicated this decision to ██████ Plaintiff via by

26   phone on September 7, 2018 and to Plaintiff, ████████, and ██████████

27   ██████████ via letter on September 8, 2018. (AR, 660-666)

28

DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S
MOTION TO DETERMINE THE STANDARD OF REVIEW

1

2

3       Cigna's ██████████████████████ discussed the case

4       ████████████████████ (2296) on September 18,

5       2018.  (2296-2297) They stated that ████████████████████

6       ████████████████████████████████

7       ███████████████ (2296)  They also told ████████████

8       ████████████████████ (2296-2297)

9       However, as noted above, between September 5th and September 17th, ████

10      ████████████████████████████████████

11      ███████████ (2294)  As ████████ correctly observed, ████

12      ████████████████ (2297) ████████████████

13      ████████████████████████████████████

14      ████████████ (*Id*)

15      Based on this information, ████████ concluded ████████████

16      ████████████████████████████████████████

17      ████████████████████████████████ .

18      (2297) ████████████████████████████

19      ██ . (*Id*) ████████████████████," (2296) and that

20      ████████████████████████████████████████

21      ██ . (2297) ████████████████████████

22      ████████████████████████████████

23      ████████████ . (*Id*) ████████████

24      ████████████████████████████ . (*Id*)

25      Following ████████████████ , on September 21, 2018, Cigna sent a letter to

26      AG with a copy to ████████ and AG's ████████████ informing them that it

27      determined ████████████████████████████ . (Opening Brief, Ex. E,

28      1560-1574)  Cigna provided a detailed explanation of the basis for the decision, a

1  link to the Guidelines used to make the decision, and the information needed to

2  appeal the decision.  (*Id*. at 1560-1561)

3  **P.**   **Cigna Authorizes** ██████████████████████████

4  ████████████████████ (see below) each ████████████████

5  ████████████████████████████████████████████████████████

6  ████████████████████████████████████ . ████████████████████

7  ████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████

9  ████████████████████████████████████████████████

10  ██████████████████" (Ex. C, 2411) ██████████████████████████

11  ██████████████ . (*Id*) ████████████████████████████████████

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████ . (*Id*)

14  ████████████████████████████████████████████████████

15  ██████████████████ . (*Id*) ████████████████████████████

16  ████████████████████████████████ Ex. C, 2412.

17  **Q.**   **Cigna Denies Plaintiff's Appeal**

18  By February 5, 2019, Cigna had received no information about what ████████

19  wanted to do on the issue of ██████████████████ . Cigna received a letter from

20  Plaintiff's counsel Kantor and Kantor ("Kantor"), appealing Cigna's decision that

21  ████████████████████████████████████████████████████████

22  ████████████████████████████ . The letter, dated February 1, 2019, stated that:

23  "This office represents your covered beneficiary [AG] regarding Cigna's denials of

24  claims and *appeals* regarding [AG's] ██████████████████████████ ."

25  (AR, 668 (emphasis added))   The letter goes on to state  that it was in response to

26  Cigna's multiple January 19, 2019 letters seeking an ████████████████████

27  ████████████████████████████████████████ . (*Id*)  The letter

28  enclosed bates-stamp documents AG0001-AG0428, which was a ████████████



1   authorization and ████ records from ████.

2       On February 26, 2019, ████████████ analyzed the

3   information contained in the ████████ bates stamp AG0004-AG0428.  (Ex. D,

4   2301-2307) ██████████████████. (2306)

5   ██████████████████████

6   ████████. (Ex. D, 2306) ████████

7   ██████████████████████

8   ████ (2306) ████████████

9   ███████████████████

10   ███████████. (*Id*. at 2306-2307)

11   ████ communicated her decision in a February 28, 2019 letter sent to

12   AG at her parents' home address, with a copy to ████, Kantor, and

13   ████████ (Ex. F, 1116-1118) The letter stated that on February 5,

14   2019, Cigna received AG's appeal of Cigna's decision to deny ████████

15   from September 16 to December 31, 2018 rendered at ████ (*Id*. at 1116)  The

16   letter explained that after reviewing the appeal and accompanying materials, ████

17   ████ decided to uphold the denial and provided her rationale, as noted above. (*Id*.

18   at 1117)  The letter noted that this was the final step of the internal appeal process

19   but enclosed forms for AG or her counsel to fill out if they wanted an external

20   appeal.  (*Id*. at 1118)

**R.**    **<u>Kantor Submits a Second Letter with the Identical Materials<br>Enclosed in the February 1 Appeal.</u>**

23       In a March 13, 2019 letter, Kantor submitted another letter with the identical

24   documents that counsel previously enclosed in the February 1, 2019 letter which ████

25   ████ already had evaluated and concluded did not establish that ████████

26   ███████████ (AR, 1129-1559)  This second letter made no

27   reference at all to Cigna's February 28, 2019 letter treating Kantor's first letter as

28   AG's appeal.  Given that Cigna had recently decided AG's February 1st appeal based

DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S
MOTION TO DETERMINE THE STANDARD OF REVIEW     EXH A, pg. 19

on the same exact materials, Cigna treated this letter as a duplicate appeal to which it had already responded.

## V.   LEGAL ARGUMENT

### A.   The Abuse-of-Discretion Standard Applies to Cigna's Coverage Determination.

Plaintiff admits that the Plan delegates discretion to Cigna.  The Motion, 6:19. Indeed, the Plan delegated Cigna with the discretion to interpret the Plan terms and make coverage decisions.  *See* Ex. B at  2481; *see also Abatie v. Alta Health & Life Ins. Co*., 458 F.3d 955, 963 (9th Cir. 2006) ("But if the plan does confer discretionary authority as a matter of contractual agreement, then the standard of review shifts to abuse of discretion.").

Plaintiff argues that Cigna loses this discretion because Cigna did not respond to a March 13, 2019 letter from Kantor and did not provide Kantor with a copy of the claim file until after Kantor had submitted Plaintiff's appeal.  As explained below, these arguments are factually and legally defective.  The Motion should be denied with the finding that the standard of review is abuse of discretion.

### B.   Cigna Acted Reasonably in Responding to Kantor's February 1 Letter as an Appeal

As noted above, Cigna received two letters from Kantor containing the same 425 pages of ███████████████, one on February 1, 2019 and the other on March 13, 2019.  Plaintiff's motion completely ignores the earlier February 1, 2019 letter, which contained the ██████████, which Cigna considered Plaintiff's appeal and rightfully so.  The first line of Kantor's letter stated that "[t]his office represents [AG] regarding Cigna's denials of claims *and appeals regarding [AG's]* ████████████████████████████." (AR, 668 (emphasis added)) It also included an authorization for Kantor to represent AG on appeal.  AG had not yet appealed Cigna's decision to deny ██████████████ after September 16, 2018, so Cigna interpreted the letter, and the hundreds of pages of ██████████ enclosed in

DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE STANDARD OF REVIEW

the letter, as an appeal.  Based on her review of the records that Plaintiff submitted, Cigna's ███████████████████████████████████████████ ███████████████████████████████ a decision which she communicated in a February 28, 2019 letter sent to AG at her parents' home address, with copies to ██████, Kantor, and █████████████████. (Ex. F, 1116-1118)  The letter noted that this was the final step of the internal appeal process but enclosed forms for AG or her counsel to fill out if they wanted an external appeal.  (*Id.* at 1118)

Tellingly, Kantor never disputed that Cigna appropriately treated their February 1, 2019 letter as an appeal until this litigation; in fact, they made no mention of that letter at all during the administrative process, including in their March 13 letter.  Thus, when Kantor sent the March 13, 2019 letter enclosing the same exact materials as they did with their February 1, 2019 letter, Cigna reasonably interpreted it as a duplicate that required no response since Cigna had already addressed it.

As Cigna explained in its opening brief, Cigna's decision to treat Plaintiff's counsel's February 1, 2019 letter as an appeal under the Intel Plan is itself an exercise of discretion that is entitled to deference.  The Fifth Circuit's per curiam decision in *Rittinger v. Healthy All. Life Insurance Co.*, 914 F.3d 952, 956 (5th Cir. 2019), is instructive on this point.  In *Rittinger*, an ERISA plan member argued that Anthem abused its discretion when it treated her husband's email that he "would like to file an appeal" as a formal first-level appeal of her denial of surgical care coverage.  According to the plaintiff, Anthem could not have reasonably interpreted this email as an appeal because the plan had elaborate appeals procedures, none of which expressly allowed for an appeal via e-mail. *Id.* at 956.  Anthem countered that its treatment of the email as an appeal was within the wide discretion it had to administer the plan, and the Fifth Circuit agreed based on the wording of the email.  *Id.*  Here, too: the first sentence of Plaintiff's February 1 letter stated that Plaintiff's counsel's office "appeals regarding [AG]'s ████████████████████" and

attached all the records she ultimately thought were necessary for an appeal. Like Anthem in *Rittinger*, Cigna's interpretation of this letter as a request for an appeal was a reasonable exercise of Cigna's discretion.

This all represents an exercise of discretion by Cigna to which Cigna is entitled to deference. Plaintiff's conclusory statement in her motion, that Cigna did not exercise its discretion, is simply not correct. This alone requires the Court to deny the Motion.

## C.   <u>Plaintiff Has Not and Cannot Show a Flagrant Violation by Cigna</u>

Even if Cigna was incorrect in treating Plaintiff's February 1 letter as an appeal instead of the March 13, 2018 letter, any such error did not rise to the level of a violation "so flagrant as to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm." *Gatti*, 415 F.3d at 985. As the Ninth Circuit has held, "an administrator's failure to comply with such procedural requirements ordinarily does not alter the standard of review." *Abatie*, 458 F.3d at 971. Instead, the Ninth Circuit instructed that courts should review an administrator's decision to deny benefits de novo only "[w]hen an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well . . ." *Id*. at 971; *see also Hinz v. Hewlett Packard Co. Disability Plan*, 2011 WL 1230046, at *3 (N.D. Cal. 2011) ("The [*Abatie*] court cautioned, however, that such de novo review is only appropriate in a 'rare class of cases,' and 'a procedural irregularity in processing an ERISA claim does not usually justify de novo review.").

As noted in the section above, Cigna appropriately treated Plaintiff's counsel February 1 letter as Plaintiff's appeal. Failing to review a four page letter is not a flagrant violation, especially since Cigna had already analyzed the ██████ evidence enclosed in the letter and had monitored and authorized █████████████. Against this backdrop, any failure to consider Plaintiff's four page March 13th letter is a procedural irregularity that the *Abatie* court explained does not change the

standard of review.  *Abatie,* 458 F.3d at 971 ("[A]n administrator's failure to comply with such procedural requirements ordinarily does not alter the standard of review.")

In addition, no harm occurred from Cigna's treatment of Kantor's February 1 and March 13 letters.  Plaintiff's counsel enclosed the exact same records with these letters, and therefore Cigna had all the evidence Plaintiff contends it needed when it denied Plaintiff's appeal on February 28.   As the U.S. Supreme Court stated, "the question here is whether a single honest mistake in plan interpretation justifies stripping the administrator of that deference for subsequent related interpretations of the plan. We hold that it does not." *Conkright v. Frommert*, 559 U.S. 506, 509 (2010).  This Court should hold the same here.

The cases relied on by Plaintiff simply strengthen Cigna's position.  Plaintiff relies on *Gordon v. Metro. Life Ins. Co.*, 747 F. App'x 594, 595 (9th Cir. 2019) but the court in *Gordon* determined that de novo review applied because the plan administrator "did not exercise its discretion when it failed to issue a final decision on Gordon's appeal of its initial denial of benefits. . ., and (2) that failure is a wholesale and flagrant violation of the requirements of both ERISA and the benefit plan." 747 F. App'x at 595 (emphasis added).  In other words, the plaintiff proved both the failure to exercise discretion and a flagrant violation, and Plaintiff in this case has not established either.

Plaintiff cites to a number of cases where the claim administrator never even addressed the merits of the claimant's appeal which, as discussed above, is not the case here.  In *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098 (9th Cir. Nov. 2003), the express terms of the ERISA plan provided that the plan participant's "'claim shall be deemed to have been denied on review'" if VPA [the plan administrator] neither responds within sixty days nor informs the claimant that it could take up to sixty days longer to respond."  *Id.* at 1102.  As the Ninth Circuit made clear in *Gatti*,—violations of the time limits under ERISA regulations are "insufficient to alter the standard of review" and that *Jebian*

1  simply enforced the terms of the plan. *Gatti*, supra at 982.  The Plan in this matter

2  does not have deemed denied language.

3       In *Nichols v. Prudential Insurance Company of America*, 406 F.3d 98, 102 (2d

4  Cir. 2005), cited on page 6 of the Motion, the Second Circuit found that Prudential

5  lost its discretion because "it made no valid exercise of that discretion here" and that

6  "inaction is not a valid exercise of discretion," whereas here Cigna exercised its

7  discretion in treating Plaintiff's February 1st letter as an appeal.

8       Even more off the mark, Plaintiff cites *Shane v. Albertson's Inc.*, 504 F.3d

9  1166, 1171 (9th Cir. 2007), but there, the question was whether a delegate of

10  discretionary authority properly transferred his authority to another entity, which the

11  Ninth Circuit found was procedurally improper.  Plaintiff does not, and cannot, argue

12  that anything of the sort has occurred in this case, as she admits that the Plan

13  unambiguously confers Cigna with discretion.

14       The remaining cases relied by Plaintiff similarly all involved instances in

15  which the administrators failed to <u>act at all</u> on the merits of the appeal and therefore

16  the standard of review was de novo. *Langlois v. Metro. Life Ins. Co.*, 833 F. Supp. 2d

17  1182, 1186 (N.D. Cal. 2011); *Roach v. Kaiser Permanente Long Term Disability*

18  *Plan*, 2009 WL 1357394, at *7 (C.D. Cal. 2009); *Vaught v. Scottsdale Healthcare*

19  *Corp. Health Plan*, 2009 WL 649806, at *2 (D. Ariz. 2009); *Kowalski v. Farella,*

20  *Braun & Martel, LLP*, 2007 WL 2123324, at *2 (N.D. Cal. 2007); and *Musser v.*

21  *Harleysville Life Ins. Co.*, 2015 WL 4730091, at *7 (M.D. Pa. 2015). As discussed

22  above, this is not the case here.

23      **D.**   <u>**Plaintiff Got a Full and Fair Review**</u>

24       Ignoring the significant time and consideration that went into Cigna's

25  coverage decision, and ███████████████████████████████,

26  Plaintiff argues that she did not get a full and fair decision because Cigna did not

27  consider the arguments by Kantor in the March 13th letter and did not provide a copy

28  of the claim file prior to the submission of the appeal.  But none of these arguments

address actual evidence that Plaintiff contends Cigna should have considered, and for that reason alone, they are irrelevant to whether Cigna met its procedural obligations in this instance. *Queen v. Haywood Reg'l Med. Ctr. Med. Care Plan*, 2014 WL 4311030, at *10 (W.D.N.C. 2014) (finding no abuse of discretion from plan administrator's apparent failure to consider letter that did "not provide any information in addition to the information relied upon to make the earlier determination").

Moreover, none of the arguments has merit. First, counsel stated in the March 13, 2019 letter, without explanation, that the ███████████████████ █████ Practice Guidelines for the ███████████████████████████ applied to the claim. The Guidelines used by Cigna make clear that they are based on the same ████ guidelines that Plaintiff contends Cigna should have considered (Opening Brief, Ex. C, 2313), so Plaintiff has no basis to critique Cigna on this point.

Second, the letter requested that Plaintiff's counsel receive a copy of the claim file. However, Cigna provided a copy of the claim file to Plaintiff's counsel in a letter dated March 23, 2019 (AR, 1598), who certainly could have supplemented Plaintiff's appeal with any of the documentation in the claim file if Kantor thought it was relevant. But Kantor did not supplement Plaintiff's appeal, which shows that receiving the claim file after submission of the appeal did not harm Plaintiff.

Third, Plaintiff's counsel argued that the Guidelines were not applicable because they were not specific to children. This is simply not correct. The examples of the ████████ guidelines tailored for children are at Ex. C, 2399, 2402, 2403, 2405, 2407, 2410, 2411, & 2414 which shows guidelines that address issues that pertain to children.[9]

Fourth, Kantor stated that there was no information in the denial letter specific to ███'s condition. Again, not so: the September 21, 2018 denial letter

_____

[9] The specifics of each guideline are discussed at section E of Cigna's response brief.

20

1   describes ████████████████████████████████████████████
2   ████████████████████████████████. Opening Brief, Ex. E, 1560.

3        Fifth, Kantor wrote that the denial was wrong because of the ███████
4   records, enclosed with the letter (bates stamp AG0001-AG0428), showed that ████
5   ████████████████████  But as discussed above, Cigna reviewed all of the records
6   that Plaintiff submitted.  The fact that Cigna came to a different conclusion does not
7   mean it violated plan procedures.

8        Sixth, Kantor wrote in the March 13, 2019 letter that a new administrator
9   approved the claim for ████████████████. But again, this statement does provide
10  any evidence that goes to the merit of the appeal.  Indeed, there is nothing in the
11  record showing what that administrator considered in reaching its decision, let alone
12  the standards that it applied.  Cigna's supposed failure to consider this unsupported
13  decision does not constitute a failure to conduct a full and fair review.

14       Plaintiff argues that she did not get a full and fair review because she did not
15  receive a copy of the claim file until after she submitted her appeal.  But she did
16  receive a copy of the claim file in the March 23, 2019 letter and she could have, but
17  did not, supplement her appeal with any of the information contained in the claim
18  file.  Plaintiff points to *Yancy v. United of Omaha Life Ins. Co.*, 2015 WL 5132086,
19  at *4 (C.D. Cal. Aug. 25, 2015) where United failed to provide *Yancy*  a copy of a
20  ████████████████  during the administrative process which led the Court to hold that
21  *Yancy* could supplement the administrative record.  There was no finding by the
22  Court that United failed to provide a full and fair review.  Moreover unlike in *Yancy*,
23  when the ████████████ was not provided during the administrative process, Cigna
24  did provide the claims file and Plaintiff.  Plaintiff could have supplemented her
25  appeal with the information in the claim file and the fact that she did not establishes
26  that she was not harmed by receipt of the file after she submitted her appeal.

27       Plaintiff also cites *Raymond M. v. Beacon Health Options, Inc.*, 2020 WL
28  2810451, at *13 (D. Utah May 29, 2020) where the court found that the plan

administrator committed four separate procedural violations, including the failure to make a medical necessity determination and did not engage in a meaningful dialog. In contrast, Cigna did all of these things and more, including ███████████ ███████████ over a year and exercising its discretion in applying the ███████ standard both with the initial denial and on Plaintiff's appeal.

## VI.    CONCLUSION

Plaintiff's motion to apply the de novo standard of review to this matter should be denied.  The abuse of discretion standard should be applied to this matter.

DATED: October 21, 2020                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Sean P. Nalty*
   Sean P. Nalty
   Attorneys for Defendant
   CIGNA HEALTH AND LIFE
   INSURANCE COMPANY

DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE STANDARD OF REVIEW